IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WESLEY A. SHOPE,

      Plaintiff,

  v.                                        Civil Action 2:18-cv-214
                                              Judge Michael H. Watson
MORROW COUNTY SHERIFF'S        Magistrate Judge Jolson
DEPARTMENT, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 14) filed on August 30, 2018. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff was a prisoner under the supervision of the Jackson County Sheriff's Department ("Jackson County Sheriff"). (Doc. 1, ¶ 8). Prior to his arrest, Plaintiff had been treated for depression, suicidal ideation, and drug addiction. (*Id.*, ¶ 7). Following his arrest in February 2016, he informed the Jackson County Sheriff that he was prescribed medication to treat his depression and drug addiction and requested medical attention for depression, suicidal ideation, and drug addiction. (*Id.*, ¶¶ 10–11). The Jackson County Sheriff provided Plaintiff with a week's supply of Vistaril, Phenergan, and/or Ibuprofen per the County's detox protocol. (*Id.*, ¶ 12). However, he received no medical attention for depression and suicidal ideation while in the custody of the Jackson County Sheriff. (*Id.*, ¶ 13).

After serving part of his sentence in the custody of the Jackson County Sheriff, Plaintiff was transferred to the custody of the Morrow County Sheriff's Department ("Morrow County Sheriff") in March 2016. (*Id.*, ¶ 15). At intake, he informed the Morrow County Sheriff that he

was prescribed medication to treat his depression, suicidal ideation, and drug addiction. (*Id.*, ¶ 17). The Morrow County Sheriff withheld Plaintiff's detox medicine from the Jackson County Sheriff, failed to record his history of mental health and substance abuse, and provided no medical attention for Plaintiff's depression and suicidal ideation. (*Id.*, ¶¶ 19–29).

Plaintiff's mental health subsequently deteriorated further when he was placed in "lock down" with another suicidal inmate. (*Id.*, ¶¶ 35–55). While in "lock down," the Morrow County Sheriff did not provide Plaintiff with any medication or medical attention. (*Id.*, ¶¶ 40, 42). Plaintiff and his cell mate both attempted suicide, resulting in Plaintiff breaking both legs and suffering other additional injuries. (*Id.*, ¶¶ 48–55).

In his Complaint, Plaintiff brought claims for deliberate indifference under 42 U.S.C. § 1983, intentional infliction of emotional distress, and spoliation of evidence. (*Id.*, ¶¶ 57–89). Defendants then filed a Motion to Dismiss (Doc. 4). In response, Plaintiff filed a Motion for Leave to Amend (Doc. 7) to address the issues raised in Defendants' Motion. Defendants did not file an opposition to Plaintiff's Motion, and the Court granted Plaintiff until July 27, 2018 to file an amended complaint. (Doc. 11). Plaintiff failed to meet that deadline, and on August 16, 2018, the Court issued an Order directing him to show cause why the case should not be dismissed for want of prosecution. (Doc. 13).

On August 30, 2018, Plaintiff filed the instant Motion. Plaintiff explained that, "[d]ue to a docketing error," he failed to timely amend his complaint and requested leave to file the First Amended Complaint submitted with the Motion. (Doc. 14 at 2). Defendants oppose Plaintiff's Motion, arguing that the First Amended Complaint fails to state any cognizable claim and, as a result, that any amendment would be futile. (Doc. 15). The time has passed for Plaintiff to file a reply, and the Motion is now ripe for resolution.

## II. STANDARD

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). When a party seeks leave of

2

court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 801 F.3d 612, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As noted above, a motion to amend may be denied if allowing the proposed amendment would be futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014).

### III. DISCUSSION

Consistent with its prior Order (Doc. 7), and in light of the Rules' liberal policy in favor of amendment, the Court will grant Plaintiff's Motion. This case is in its early stages. To date, the parties appear to have conducted limited discovery. Given the limited effort the parties have expended on litigating the current operative complaint, the parties will not be prejudiced by the filing of the First Amended Complaint. They will be free to conduct the necessary discovery and refile any relevant dispositive motions. Moreover, permitting Plaintiff to file the First Amended Complaint is consistent with "the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Inge*, 388 F.3d at 936 (citation and internal quotation marks

omitted). Plaintiff's proposed amendments comply with Rule 15(a)(2), and none of the factors counseling against amendment apply.

The Court is not persuaded by Defendants' futility argument. "At this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). The proposed amendments here meet this low bar. In other words, the proposed amendments are not obviously futile. Moreover, Defendants' futility argument would require the Court to address directly the merits of Plaintiff's claims. "[T]he Court believes that it's the better exercise of discretion to permit the amendment," after which Defendants may "raise their merits arguments" through a dispositive motion. *Id*. At that point, "the matter will then be subject to proper consideration by the District Judge." *Id*.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 14) is **GRANTED**. The Clerk is **DIRECTED** to file Doc. 14, pages 4–25 as the First Amended Complaint.

IT IS SO ORDERED.


Date: October 9, 2018                            /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE